```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ZIARE WALLS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>STATE OF NEW JERSEY; WARDEN DAVID OWENS; CAMDEN COUNTY CORRECTIONAL FACILITY; PRISON HEALTH SYSTEM,<br><br>　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>　　Civil Action<br>No. 16-cv-06276 (JBS-AMD)<br><br>　　　OPINION |

APPEARANCES:

Ziare Walls, Plaintiff Pro Se
1051 Kenwood Ave
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

　　1.　Plaintiff Ziare Walls seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the State of New Jersey and other defendants for allegedly unconstitutional conditions of confinement at the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

　　2.　Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff seeks monetary damages from the State of New Jersey. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S. Const. amend. XI. Plaintiff may not bring a suit against the State in federal court unless Congress has expressly abrogated New Jersey's sovereign immunity or the State consents to being sued in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Here, Congress did not expressly abrogate sovereign immunity when it passed § 1983, *see id.*, and there is no indication New Jersey has consented to Plaintiff's suit. The claims against the State of New Jersey must be dismissed with prejudice.

6.   Plaintiff also seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. As the CCCF is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

7.   The complaint alleges Plaintiff was forced to sleep and eat on the floor for long days, and that he was stepped on at times by the other four inmates of the cell, aggravating preexisting injuries. Complaint § III. He states "I was forced to sleep on floor in a cell with 3 sometime 4 other inmates. I was denied medical treatment." *Id.*  Even accepting the statements as true for screening purposes only, there is not

enough factual support for the Court to infer a constitutional violation has occurred.

8.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.").

9.   There are also not enough facts for the Court to infer Plaintiff was denied adequate medical care. In order to set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious

4

medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Here, Plaintiff does not indicate what his serious medical need was, who denied him treatment, what treatment was needed, or any facts indicating the responsible parties acted with deliberate indifference.

   10.  Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement as well as the other deficiencies noted by the Court.[1] To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order. In the event Plaintiff files an amended complaint, he should include specific facts, such as the dates

---

[1] To the extent the complaint seeks relief for conditions Plaintiff encountered in 2011 and 2012, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement at CCCF would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for some of Plaintiff's claims expired in 2014 at the latest. In the event Plaintiff files an amended complaint, he should focus on the facts of his confinements occurring within the statute of limitations.

and length of his confinement(s), whether he was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement.[2]

11. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

12. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

---

[2] The amended complaint shall be subject to screening prior to service.

13. An appropriate order follows.

**October 31, 2016**             **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge